___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 13-692-JST (ANx) | Date:  May 6, 2013 |
| Title:  Federal National Mortgage Association v. Armando Tapia | |

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

      Not present                              Not present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2013-00622614**

     Plaintiff Federal National Mortgage Association filed this unlawful detainer action against Defendant Armando Tapia on January 7, 2013 in Orange County Superior Court, Case Number 30-2013-00622614.  (Notice of Removal ("Notice") Ex. A ("Compl."), Doc. 1.)  On May 1, 2013, Defendant removed this action on the basis of federal-question jurisdiction, 28 U.S.C. § 1331, and civil-rights jurisdiction.  28 U.S.C. § 1443.  (Notice at 2-5.)  Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  *See Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court sua sponte REMANDS this case to the Orange County Superior Court.

     When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co*., 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and thus "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

     Defendant apparently contends that removal is proper on the basis of federal-question jurisdiction because Plaintiff's claim implicates various amendments to the United States Constitution; the Truth in Lending Act (15 U.S.C. § 1601, *et. seq.*); the Equal Opportunity Act

___

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 13-692-JST (ANx)                                    Date:  May 6, 2013

Title:  Federal National Mortgage Association v. Armando Tapia

(15 U.S.C. § 1691, *et. seq.*) and the Real Estate and Settlement Procedures Act (12 U.S.C. § 2601, *et. seq.*).  (Notice at 2-3.)  However, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14 (1983) ("[I]t has been settled law that a case may not be removed to federal court on the basis of a federal defense.").  Rather, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank,* 299 U.S. 109, 112-13 (1936)).  Because this complaint only contains an unlawful detainer action based on California Civil Procedure Code section 1161(a) (Compl.), a federal question does not present itself. *See IndyMac Federal Bank, F.S.B. v. Ocampo,* No. EDCV 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan.13, 2010) (remanding an action to state court for lack of subject-matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park,* No. EDCV 09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the face of the complaint, it is clear that no basis for federal question jurisdiction exists.").

      Additionally, Defendant appears to argue for civil-rights removal, but fails to show that removal under § 1443 is appropriate because he has not "reference[d] . . . a [California] state statute or a constitutional provision that purports to command the state courts to ignore [their] federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *see Georgia v. Rachel*, 384 U.S. 780, 788 (1966).  Although Defendant declares that "[t]he judges in California, each and every one, holds a prejudicial interest in bank product," (Notice ¶ 6); and that "California Courts are corrupted by payments received from bank product, securities invested, voiding fair, open, untainted process," (Notice at 2, ¶ 3); he fails to assert how any statute commands the state courts to ignore his federal rights.

      For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case, and REMANDS it to Orange County Superior Court, Case Number 30-2013-00622614.

Initials of Preparer:  tg